**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
COREY GAMBLE,

<table>
<tr><td>Plaintiff,</td><td></td><td>**ORDER**</td></tr>
<tr><td></td><td></td><td></td></tr>
<tr><td>-against-</td><td></td><td>**13-CV-1048 (PGG) (JW)**</td></tr>
</table>

BRIAN FISCHER, COMMISSIONER OF
THE STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION

                        Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

### I.    BACKGROUND

On October 8, 2004, Petitioner was convicted of first-degree and second-degree murder in the Supreme Court of the State of New York, Bronx County and sentenced to life in prison without the possibility of parole.  Dkt. No. 2.  On February 13, 2013, Petitioner Corey Gamble ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus challenging his 2004 New York State convictions.  Id.  The petition raised four arguments: (1) denial of the "equal opportunity to be heard," because the New York Court of Appeals declined to hear oral argument from Petitioner, who was *pro se*; (2) ineffective assistance of counsel based on trial counsel's failure to (a) object to a jury instruction related to prior bad act evidence and (b) pursue exculpatory evidence; (3) the fact that the appellate record was missing exculpatory evidence; and (4) improper admission of evidence under the business records exception to the hearsay rule of evidence.  Id. at 5-10.

On June 6, 2014, Magistrate Judge Fox issued an R&R recommending that the habeas petition be denied.  Dkt. No. 33.  Petitioner filed objections to the R&R on July 10, 2014.  Dkt. No. 36.  On February 15, 2018, Petitioner filed a letter informing the Court that he was pursuing a Writ of Error Coram Nobis to the Appellate Division, First Department.  Dkt. No. 39. On March 5, 2020 Petitioner requested that his habeas petition be held in abeyance while the appeal was pending.  Dkt. No. 41.  On June 10, 2020, the Court stayed Petitioner's case pending resolution of his appeal. Dkt. No. 43.

While the case was stayed, Petitioner filed motions seeking to amend his petition and for the appointment of counsel.  Dkt. Nos. 61, 63, 67, 71, 73, 74, 101, 103. The motion to amend is based on four additional grounds: (1) the trial court's denial of Petitioner's motion to suppress his identification in a lineup procedure was contrary to clearly established federal law; (2) the fact that there were transcripts missing from the appellate record led to a decision based on an unreasonable determination of the facts in light of the evidence presented; (3) the state court judge who presided over Petitioner's trial denied Petitioner's motion for recusal in violation of the Equal Protection Clause and the Due Process Clause; and (4) ineffective assistance of counsel ("IAC") by appellate counsel who (a) failed to raise the denial of the motion to suppress the identification procedure on appeal, (b) failed to raise Petitioner's right to be present for judicial recusals and the issue of judicial jurisdiction on appeal, and (c) failed to request a description of the form and content of the original record for appeal.  Dkt. No. 73.  On May 31, 2022 Respondent filed a

2

letter stating their opposition to Petitioner's motion to amend but did not include argument in the letter.  Dkt. No. 64.

On June 27, 2024, the Court found that Petitioner's post-conviction proceedings and appeals in New York State had concluded and lifted the stay order. Dkt. No. 77.  On August 29, 2024 Judge Gardephe adopted Magistrate Judge Fox's R&R denying the petition for a writ of habeas corpus.  Dkt. No. 91.  In the same Order, Judge Gardephe referred Petitioner's outstanding motion to amend and motion to appointment counsel to this Court.  Id. at 30.

For the reasons stated below, Petitioner's motion for the appointment of counsel is **DENIED** without prejudice**.**  Before this Court can issue an R&R on the motion to amend the habeas petition, a briefing schedule will be set.

## II.   LEGAL STANDARD

The Sixth Amendment guarantees "the right of an indigent defendant to counsel at the trial stage of a criminal proceeding." Murray v. Giarratano, 492 U.S. 1, 7 (1989) (citing Gideon v. Wainwright, 372 U.S. 335 (1963)).  An indigent defendant is similarly entitled to have counsel "for an initial appeal from the judgment and sentence of the trial court." See Murray, 492 U.S. at 7.  After the initial appeal, habeas prisoners generally "have no right to counsel under the Sixth Amendment." See Martel v. Clair, 565 U.S. 648, 661 (2012).  Thus, there is no requirement that courts supply indigent litigants with counsel during habeas proceedings.  Instead, courts "may request an attorney to represent any person unable to afford counsel" and courts

have "broad discretion" when deciding whether to grant such a request. 28 U.S.C. § 1915(e)(1); see Hodge v Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).

Courts have no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-10 (1989).   Courts must therefore grant applications for counsel sparingly and with consideration to public benefit, to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. The litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. See Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994).  The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." Hodge at 60-61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Id.; see also Cooper, 877 F.2d at 172.

Considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d. Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

### III.    DISCUSSION

First, Petitioner is clearly "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Petitioner has been incarcerated since before his 2004 conviction and his request to proceed *in forma pauperis* was granted.  Dkt. No. 6.

The second question for this Court is whether Petitioner's claim "seems likely to be of substance."  To prevail on an application for a writ of habeas corpus on a claim that was adjudicated on the merits in state court proceedings, the petitioner must demonstrate that the state-court decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d).  To determine whether Petitioner's amended petition seems likely to be of substance, the Court considers each claim in the proposed amended habeas petition in turn.

### A. Amendment One

The first proposed amended ground for relief is that the state court's order denying Petitioner's motion to suppress the identification procedure was contrary to clearly established federal law because under Griffith v. Kentucky, 107 S.Ct. 708

5

(1987), the trial court should have applied the rule in People v. Mitchell, 2 N.Y.3d 272 (2004), to Petitioner's case and suppressed the identification.   Dkt. No. 73 at 1. Petitioner argues that he was denied the right to counsel at the lineup identification procedure in violation of Mitchell, because he had counsel on an unrelated case at the time of the lineup but was not permitted to have his counsel present.   Id.   Mitchell made clear that there are two scenarios in which the right to counsel at an investigatory lineup attaches: (1) when counsel has entered the matter under investigation and (2) when a defendant in custody is represented on an unrelated case and requests his attorney at the lineup. 2 N.Y.2d at 274-75.   In denying Petitioner's motion to suppress, the state court found Petitioner failed to establish he was represented on a related case and did not establish that he asked for an attorney at the lineup.   Dkt. No. 11, Ex. 2f at 88.

In light of the state court's factual findings and the highly deferential standard required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), amendment number one if allowed to be filed is not likely to be of substance such that the appointment of counsel is warranted.

## B. Amendment Two

The second proposed amendment is that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding because several transcripts were missing from the appellate record.   Dkt. No. 73.   Petitioner specifies that "[a]mong

the transcripts missing were three recusals of three judges and all legal proceedings from the arraignment [] to each monthly legal proceeding in all of 2003." Id.

Under AEDPA, a petitioner "must show prejudice resulting from the missing or incomplete transcript." Zuniga v. Lamana, No. 18 Civ. 5717 (LGS) (JLC), 2019 WL 4124416, at *9 (S.D.N.Y. Aug. 30, 2019) (internal citations omitted).  The missing transcripts must "identify a meritorious appellate issue that the missing minutes would have revealed." Id. (quoting McCray v. Barkley, No. 03 Civ. 4821 (DAB) (GWG), 2004 WL 32931, at *12 (S.D.N.Y. Jan. 7, 2004)).

Petitioner only identifies the missing transcripts from the hearings of the three judicial recusals in his case.  Dkt. No. 73 at 2.  As part of Petitioner's appeal, he raised the issue of missing exhibits and transcripts from the appellate record and asked the Court of Appeals to reconsider its ruling denying Petitioner's state court appeal.  Dkt. No. 11, Ex. 28.  The Court of Appeals considered Petitioner's motion to reconsider and denied it.  Id., Ex. 29.  Based on the state court's consideration and denial of Petitioner's argument that relief should be granted because of the incomplete appellate record, it does not seem likely under the deferential standard required by AEDPA that amendment two will be of substance.

### C. Amendment Three

The third proposed amendment is that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding because none of the four judges who presided over Petitioner's case had jurisdiction to do so and the fourth judge

denied Petitioner's motion for recusal in violation of the Equal Protection Clause and Due Process Clause. Dkt. No. 73 at 3. The jurisdictional issue Petitioner raised on appeal is that "the State of New York Office of Court Administration had no temporary order of assignment (as required by the State constitution and applicable State statutes concerning jurisdiction) for any of the four judges that would have allowed them jurisdiction over petitioner's criminal prosecution." Id.

A federal court may grant habeas relief under AEDPA if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). However, a state court's factual findings are "'presumed to be correct' and may only be rebutted 'by clear and convincing evidence.'" Carrion v. McIntosh, No. 23 Civ. 7374 (JMF), 2024 WL 1587317, at *3 (S.D.N.Y. Apr. 11, 2024) (citing Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003). This requires the federal habeas court to give "substantial deference" to the state court's determinations. Id. "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's ... determination." Id. Additionally, "[a] purely state-law claim is not cognizable on federal habeas review." Silvestre v. Capra, No. 15 Civ. 9425 (KPF) (DCF), 2018 WL 3611988, at *32 (S.D.N.Y. July 27, 2018).

The statutory jurisdictional issue Petitioner raises is likely a "purely state-law claim" and therefore not reviewable by a federal habeas court. Id. As to the fourth judge who presided over Petitioner's case and did not find that he had a personal

interest in the outcome of the case such that recusal was necessary, the federal habeas court would be required to give "substantial deference" to that decision. Carrion, 2024 WL 1587317, at *3. Under the standard required by AEDPA, Petitioner's third proposed amendment does not warrant the appointment of counsel at this juncture.

### D. Amendment Four

The fourth proposed amendment is that Petitioner was denied the effective assistance of counsel on appeal because counsel: (1) failed to raise the issue of the right to counsel at the lineup; (2) failed to raise the issue of judicial jurisdiction and Petitioner's right to be present for recusals; and (3) failed to request a description of the form and content of the original record for appeal.  Dkt. No. 73 at 4.  Petitioner argues the state court's denial of his appellate counsel IAC claim was contrary to clearly established federal law and was based on an unreasonable determination of the facts in light of the evidence presented. Id.

Strickland v. Washington, 466 U.S. 668 (1984), is the relevant "clearly establish Federal law" in ineffective assistance of counsel claims in the context of a habeas petition. 28 U.S.C. § 2254(d)(1); Harrington v. Richter, 562 U.S. 86, 100 (2011); Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006).

Under Strickland, the first prong that must be addressed is whether counsel's performance was objectively unreasonable.  Any errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Therefore, "strategic choices made after

thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." Strickland, 466 U.S. at 690.

The second prong requires the Petitioner to establish prejudice, which means showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

"The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Fischer v. Smith, 780 F.3d 556, 561 (2d Cir. 2015) (citing Richter, 562 U.S. at 105). From a preliminary review of the state court record, appellate counsel made a strategic decision to not include the claims Petitioner raises here on appeal. Dkt. No. 11, Ex. 8. Petitioner disagreed with appellate counsel's strategic choices and as a result filed a *pro se* supplemental brief. Id., Ex. 9, 12. Given the doubly deferential standard required by AEDPA and Strickland, it does not seem likely to this Court that Petitioner's IAC claim is of substance such that the appointment of counsel is warranted.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's request for counsel is **DENIED** without prejudice. Petitioner is to file an opening brief by **March 16, 2026.** Counsel for Respondent is to file any opposition to Petitioner's motion to amend by **April 13, 2026**. Petitioner's reply is due **May 11, 2026**.

SO ORDERED.

DATED:    New York, New York
          February 10, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge